10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    Criminal Case No. 17-20489

v.

                                                  Honorable Terrence G. Berg

                                                  Violation: 18 U.S.C. § 1956(h)

D-12  TEEAUNA WHITE,
D-18  ROBIN HERNDON,

                    Defendants.
_____/                FILED USDC - CLRK DET
                                                      2023 MAY 24 PM2:18

## TENTH SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT FOUR:
### Conspiracy to Launder Monetary Instruments
### 18 U.S.C. § 1956(h)

D-12  TEEAUNA WHITE
D-18  ROBIN HERNDON

1.      From in or around 2014 through in or around September 2019, in the

Eastern District of Michigan, and elsewhere, the defendants, TEEAUNA WHITE

and ROBIN HERNDON, did knowingly, intentionally, and unlawfully combine,

conspire, confederate, and agree with each other, with James McGlory, a/k/a

"Bug," Maurice Montain McCoy, Jr., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a

"Big Homie," and Nikoe Bowles, and with others known and unknown to the

grand jury to commit offenses defined in Title 18, United States Code, Sections

1956 and 1957, to wit:

A.     to knowingly conduct and attempt to conduct a financial transaction

affecting interstate and foreign commerce, which involved the proceeds of a

specified unlawful activity, that is, conspiracy to distribute controlled substances,

with the intent to promote the carrying on of the specified unlawful activity, and

that while conducting and attempting to conduct such financial transaction knew

that the property involved in the financial transaction represented the proceeds of

some form of unlawful activity, in violation of Title 18, United States Code,

Section 1956(a)(1)(A)(i); and

B.     to knowingly conduct and attempt to conduct a financial transaction

affecting interstate and foreign commerce, which transactions involved the

proceeds of specified unlawful activity, that is, conspiracy to distribute controlled

substances, knowing that the transactions were designed in whole or in part to

conceal and disguise the nature, location, source, ownership, and control of the

proceeds of specified unlawful activity, and that while conducting and attempting

to conduct such financial transactions, knew that the property involved in the

financial transactions represented the proceeds of some form of unlawful activity,

in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

C.     to knowingly conduct and attempt to conduct a financial transaction

affecting interstate commerce and foreign commerce, which transactions involved

the proceeds of specified unlawful activity, that is, conspiracy to distribute

controlled substances, knowing that the transaction was designed in whole and in

part to avoid a transaction reporting requirement under State or Federal law, and

that while conducting and attempting to conduct such financial transaction knew

that the property involved in the financial transaction represented the proceeds of

some form of unlawful activity, in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(ii); and

D.      to knowingly engage or attempt to engage in a monetary transaction

by, through or to a financial institution, affecting interstate and foreign commerce,

in criminally derived property of a value greater than $10,000, such property

having been derived from a specified unlawful activity, that is, conspiracy to

distribute controlled substances, in violation of Title 18, United States Code,

Section 1957.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy

to launder monetary instruments included the following:

1.      Members of the conspiracy worked closely with members of a drug

trafficking organization (DTO) controlled by Maurice Montain McCoy. The sale of

controlled substances by the DTO generated a significant amount of cash. As part

of the conspiracy, proceeds from the sale of controlled substances were obtained in

the Eastern District of Michigan and elsewhere and transferred by members of the

3

money laundering conspiracy to California through financial account deposits and transfers. Members of the DTO also physically transported cash to California, returning by bus or commercial flights.

2.      At times, law enforcement seized cash generated from the sale of controlled substances from members of the DTO that they were transporting back to California. This included:

A.      Thirty-four thousand five hundred and fifteen dollars ($34,515) United States Currency on January 8, 2018, from Manjaro Johnson a/k/a "Baby Gen," at the Los Angeles International Airport.

3.      Defendant TEEAUNA WHITE used personal and business bank accounts in her control to receive or deposit criminal proceeds in amounts under $10,000, which in the aggregate exceeded $10,000. This included:

A.      On or about December 29, 2016, structured cash deposits in California;

B.      On or about March 8, 2017, structured cash deposits in California;

C.      On or about July 28, 2017, structured cash deposits in Baltimore, Maryland.

4.      Members of the DTO set up locations to store cash generated from the sale of controlled substances before it was returned to California. They used the same locations to store controlled substances. At times, law enforcement seized cash and controlled substances at these locations. This included:

A.     Five hundred fifteen thousand seven hundred and ten dollars ($515,710) United States Currency, with approximately ten kilograms of fentanyl, more than 20 kilograms of a mixture of fentanyl and heroin, and approximately 700 grams of tramadol on July 10, 2017, from a condominium at 42284 Joyce Lane, Novi, Michigan, and 991 grams of cocaine from a vehicle rented by a member of the drug distribution conspiracy that was parked in front of the condominium.

B.     One hundred thirty-eight thousand seven hundred and forty-nine dollars ($138,749) United States Currency, with approximately three kilograms of fentanyl, 14 kilograms of cocaine, and 90 grams of heroin, on April 13, 2018, from Apartment I at 6603 English Oak Road in Baltimore, Maryland.

5.     Defendant TEEAUNA WHITE used personal and business bank accounts in her control, funded by criminal proceeds from the sale of controlled substances, to purchase flights to and from Baltimore, Maryland and Detroit, Michigan for herself and Maurice Montain McCoy, Jr. and others.

6.     Members of the conspiracy made the following cash down payments in excess of $10,000 for vehicles using criminal proceeds from the sale of controlled substances:

A.     On or about April 27, 2015, Maurice Montain McCoy, Jr. paid $25,000 for a 2012 Porsche Panamera;

B.     In or around June 2017, defendant TEEAUNA WHITE paid $6,000

and $9,000, totaling $15,000, for a 2017 Mercedes-Benz.

7.      On or about December 7, 2015, defendant TEEAUNA WHITE made a $9,900 cash down payment using criminal proceeds from the sale of controlled substances to purchase a 2005 Bentley.

8.      In 2017, Maurice Montain McCoy, Jr., used criminal proceeds from the sale of controlled substances to surreptitiously purchase property at 27622 Pala Loma, Moreno Valley, California ("the Pala Loma property") for approximately $525,000. Maurice Montain McCoy, Jr., and defendant TEEAUNA WHITE resided at the Pala Loma property after its purchase. Defendant TEEAUNA WHITE was actively involved in the selection of the Pala Loma property for purchase. Defendant ROBIN HERNDON assisted in the concealment of its true ownership and source of funding by, in part, purchasing the Pala Loma property in the name of JPC Equity Properties, LLC, a legal entity controlled by defendant ROBIN HERNDON.

9.      Defendant ROBIN HERNDON opened multiple bank accounts in the weeks preceding the purchase of the Pala Loma property. Defendant ROBIN HERNDON used these accounts, and other accounts controlled by him and his associates, to structure, layer, and funnel criminal proceeds, including cash, to purchase the Pala Loma property. Payments of criminal proceeds to purchase the Pala Loma property included:

A.      $5,000 in the form of a cashier's check, dated February 6, 2017,

purchased by Maurice Montain McCoy, Jr.;

B.      Approximately $114,568 in the form of a wire transfer, on or about

March 8, 2017, from a bank account titled to JPC Equity Properties, LLC;

C.      Approximately $23,163 in the form of a wire transfer, on or about

March 10, 2017, from a bank account titled to JPC Equity Properties, LLC; and

D.      Approximately $23,000 in the form of a wire transfer, on or about

March 10, 2017, from a personal bank account of defendant ROBIN HERNDON.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS:
### Criminal Forfeiture
### 18 U.S.C. § 982(a)(1))

The allegations contained in this Tenth Superseding Indictment are hereby

re-alleged and incorporated by reference for the purpose of alleging forfeiture

pursuant to Title 18, United States Code, Section 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction

of the offense in violation of Title 18, United States Code, Section 1956(h), set

forth in Count Four of this Tenth Superseding Indictment, the defendants,

TEEAUNA WHITE and ROBIN HERNDON shall forfeit to the United States of

America, any property, real or personal, involved in such offense, and any property

traceable to such property.

Property to be forfeited, includes, but is not limited to:

- Real Property located at 27622 Pala Loma Ct., Moreno Valley,

California, and being more fully described as:

Lot 62, of Tract 24097, in the City of Moreno Valley, as shown recorded in Book 223, Pages 88 to 95 inclusive of Maps in the office of the County Recorder of Riverside County, California.

APN: 304-220-044-1

TITLED TO: JPC Equity Properties, LLC a California Limited Liability Company.

Forfeiture also includes the imposition of a forfeiture money judgment against each Defendant, in favor of the United States, representing the value of property involved in the offense of conviction.

If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

THIS IS A TRUE BILL.

_s/ Grand Jury Foreperson_
Grand Jury foreperson


Dawn N. Ison
United States Attorney

_s/ Benjamin Coats_
BENJAMIN COATS
Chief, Drug Task Force Unit

_s/ Andrea Hutting_
ANDREA HUTTING (P68606)
Assistant United States Attorney

_s/ Craig F. Wininger_
CRAIG F. WININGER (P57058)
Assistant United States Attorney

_s/ Gjon Juncaj_
GJON JUNCAJ (P63256)
Assistant United States Attorney


Dated: May 24, 2023

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>17-20489 |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** _AH_ |

**Case Title:** USA v.  D-12 Teeauna White & D-18 Robin Herndon

**County where offense occurred :**  Oakland and elsewhere

**Check One:**    ☒ Felony          ☐ Misdemeanor          ☐ Petty

_____Indictment/_____Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint **[Case number:**                     **]**
  _✓_Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 17-20489                              **Judge:** Terrence G. Berg

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

May 24, 2023
Date

Andrea Hutting
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9110
E-Mail address: Andrea.Hutting@usdoj.gov
Attorney Bar #: P68606

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.